IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM G. SAMESHIMA, | ) CIVIL NO. 18-00174 LEK-RLP |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION THAT |
| | ) THE DISTRICT COURT GRANT |
| vs. | ) PLAINTIFF'S APPLICATION TO |
| | ) PROCEED WITHOUT PREPAYING FEES |
| DON FOIT & JACK FLOYD, | ) AND DISMISS THE COMPLAINT WITH |
| | ) LEAVE TO AMEND |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT
GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING
FEES AND DISMISS THE COMPLAINT WITH LEAVE TO AMEND[1]

Before the Court is Plaintiff William G. Sameshima's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), filed on May 16, 2018.  ECF No. 2.  Plaintiff filed his Complaint on the same day.  See ECF No. 1.  After careful consideration of Plaintiff's Application and the Complaint, the Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's Application and DISMISS the Complaint with leave to amend.

DISCUSSION

**I.  The Court RECOMMENDS that the District Court GRANT Plaintiff's Application.**

Courts may authorize the commencement of any suit

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). For purposes of determining whether to grant an application to proceed without prepayment of fees, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted).

Here, Plaintiff's Application states that he does not have any source of income or savings. ECF No. 2 at 1-2. Based on the information provided in Plaintiff's Application, the Court finds that Plaintiff has demonstrated that he is unable to pay court fees at this time and RECOMMENDS that the district court GRANT his Application. See 28 U.S.C. § 1915.

**II.   The Court RECOMMENDS that the District Court DISMISS Plaintiff's Complaint With Leave to Amend.**

Courts may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or

seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

Additionally, the court may dismiss a complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008). Rule 8 requires that a complaint include "a short plain statement of the claim" and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. Hearns, 530 F.3d at 1131 (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint may be dismissed for failure to comply with Rule 8 if the complaint fails to provide the defendants with fair notice of the wrongs that they have allegedly committed. See

McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). Because Plaintiff is appearing pro se in this action, the Court liberally construes the pleadings. See Bernhardt v. L.A. Cnty., 339 F.3d 920, 925 (9th Cir. 2003). The Court has reviewed Plaintiff's Complaint and concludes that, even liberally construed, the Complaint fails to state any discernable basis for judicial relief and fails to comply with the requirements of Rule 8.

First, it is unclear from Plaintiff's Complaint what claims he is asserting against the named Defendants. Plaintiff appears to assert a claim for payment related to baseball and basketball activities in the 1970s and 1980s. See ECF No. 1 at 2. However, Plaintiff's statements are insufficient for the Court to determine the possible legal basis for Plaintiff's claims. As noted above, Federal Rule of Civil Procedure 8 requires that a complaint include "a short plain statement of the claim" and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1).

Second, based on Plaintiff's Complaint, it appears that the acts at issue occurred in the 1970s and 1980s. ECF No. 1 at 2. To the extent Plaintiff is attempting to assert claims based on acts that occurred in the 1970s and 1980s, such claims

4

appear to be time-barred.  Different statutes of limitations apply depending on the type of claim asserted.  However, regardless of the statutory basis for the claim, any claims that are based on acts that occurred more than thirty years ago would be time-barred.  See, e.g., Haw. Rev. Stat. 657-1 (providing for a six-year statute of limitation for contract and fraud claims).

Although the Complaint is deficient, the Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).  Accordingly, the Court RECOMMENDS that the Complaint be DISMISSED without prejudice and Plaintiff be given leave to file an amended complaint, addressing the deficiencies identified above, no later than thirty days from the district court's adoption of this Findings and Recommendation.

If Plaintiff chooses to file an amended complaint, the document must be clearly designated as the "First Amended Complaint," must be retyped or rewritten, and may not incorporate any part of the original Complaint by reference.  See Local Rule 10.3.

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS

5

that the district court:

    1) GRANT Plaintiff's Application to Proceed Without Prepayment of Fees;

    2) DISMISS Plaintiff's Complaint without prejudice;

    3) GRANT Plaintiff leave to file an amended complaint no later than thirty days from the district court's adoption of this Findings and Recommendation;

    4) CAUTION Plaintiff that failure to file an amended complaint within the time frame specified above will result in the automatic dismissal of this action.

    IT IS SO FOUND AND RECOMMENDED.

    DATED AT HONOLULU, HAWAII, MAY 25, 2018.



Richard L. Puglisi
United States Magistrate Judge

**SAMESHIMA V. FOIT, ET AL.; CIVIL NO. 18-00174 LEK-RLP; FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND DISMISS THE COMPLAINT WITH LEAVE TO AMEND**